IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| BOYKIN JONES, #115 033 | * | |
| Plaintiff, | * | |
| v. | * | 2:08-CV-220-MHT |
| | | (WO) |
| LEON FORNISS, WARDEN, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is an inmate confined at the Easterling Correctional Facility located in Clio, Alabama. He files this 42 U.S.C. § 1983 action against Warden Leon Forniss, Nitka Shambray, and inmate Ontourus Porter. Upon review of the complaint, the court concludes that Plaintiff's claims against inmate Porter are due to be dismissed in accordance with 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**DISCUSSION**

An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by a person acting under color of state law. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S.

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process, regardless of the payment of a filing fee, if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky,* 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer,* 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948))." *American Manufacturers*, 526 U.S. at 49-50. Consequently, "state action requires **both** an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' **and** that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.' *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)." *Id.*

In light of the foregoing, Plaintiff's claims against inmate Porter may not proceed as he is not a state actor nor does the complaint allege that any actions taken by him can in any way be attributed to the State. The court, therefore, concludes that Plaintiff's claims against inmate Porter are frivolous and due to be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against inmate Porter be DISMISSED with prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i);

2. Inmate Porter be DISMISSED as a party to the complaint; and

3. This case with respect to the remaining Defendants be referred back to the undersigned for further proceedings.

It is further

ORDERED that on or before **July 28, 2008**. The parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 15th day of July, 2008.

/s/ Susan Russ Walker

SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE