**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **BOYKIN JONES, #115033** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **2:08-CV-220-MHT-SRW** |
| **LEON FORNISS, et al.,** | ) | |
| **Defendants.** | ) | |

## ANSWER AND SPECIAL REPORT

COMES NOW the Defendant, **Leon Forniss,** by and through the Attorney General for the State of Alabama, the Honorable Troy King, and in accordance with this Honorable Court's July 7, 2008 Order (Doc. 10), offer the following special report:

## PARTIES

1. The Plaintiff, Boykin Jones, is an Alabama Department of Corrections ("ADOC") inmate who is currently incarcerated at Easterling Correctional Facility ("Easterling").
2. Defendant Leon Forniss is currently employed by ADOC as a Correctional Warden III at Staton Correctional Facility ("Staton").

## EXHIBIT

EXHIBIT 1 – Affidavit of Warden Leon Forniss

EXHIBIT 2 – Affidavit of Annie Latimore with attached documents

## PLAINTIFF'S CLAIMS

Plaintiff Boykin Jones alleges he was in the Health Care Unit ("HCU") at Staton on October 13, 2007, for a diabetic finger stick. Inmate Jones avers that Nurses Katrina Jones, Nikkita Shambray and Marquita Sanders were present as were Officer Roosevelt Lewis and inmate Ontourus Porter. Inmate Jones states Nurse Sanders confronted him about a medical grievance he had filed. Inmate Jones states he dropped a bloody strip on the floor and as he was bent down to pick it up, Nurse Shambray kicked him on the side of his leg and hit him as hard as she could on his back with a closed fist.

Inmate Jones avers that around 9:00 PM his back and neck started hurting and he then reported the beating to Lt. Cooper. Inmate Jones avers that several correctional officers called him a liar. Inmate Jones admits that all people present when he was allegedly assaulted, including inmate Porter, stated that they did not see anything. Inmate Jones speculates that this incident might adversely affect his chance for parole.

Inmate Jones' ***only*** allegation against Warden Leon Forniss is that after he (inmate Jones) reported the incident to Warden Forniss, he (Forniss) failed to investigate same.

## DEFENDANT'S RESPONSE

1. The Defendant denies that he violated the Plaintiff's constitutional rights.
2. The Defendant denies each and every material allegation not specifically admitted herein and demand strict proof thereof.

3.    The Plaintiff has failed to state a claim upon which relief may be granted.

4.    The Defendant is immune from suit under the Eleventh Amendment to the United States Constitution.

5.    The Defendant is immune from suit due to qualified immunity.

6.    The Plaintiff can not hold Defendant Forniss liable under the theory of respondeat superior.


## STATEMENT OF FACTS

On October 13, 2007 at 8:56 PM inmate Boykin Jones informed Lt. Terry Cooper that he had been assaulted at 2:45 PM by Nurse Nikkita Shambray while in the HCU at Staton. Inmate Jones stateed he delayed reporting the assault until he started hurting. Inmate Jones informed Lt. Cooper that Officer Roosevelt Lewis, Nurses Katrina Jones and Marquita Sanders, and inmate Ontourus Porter witnessed the assault.

Lt. Cooper requested and received statements from each of the alleged witnesses. Each witness was asked to admit or deny the assault happened. Nurses Jones, Shambray and Sanders wrote that inmate Jones dropped the diabetic test strip that had blood on it and was required by Nurse Shambray to pick it up. Inmate Porter stated that inmate Jones lied about him and he (Porter) did not see anyone do anything to inmate Jones. Officer Lewis stated that he did not see inmate Jones get hit by anyone on October 13, 2007, while on duty from 2:00 PM to 10:00 PM.

## ARGUMENT

### SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. In making that assessment, the court must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The burden of proof is upon the moving party to establish his prima facie entitlement to summary judgment by showing the absence of genuine issues and that he is due to prevail as a matter of law. *See Clark & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Once that initial burden has been carried, however, the non-moving party may not merely rest upon his pleading, but must come forward with evidence supporting each essential element of his claim. *See Celotex Corp v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Barfield v. Brierton*, 883 F.2d 923 (11th Cir. 1989). Unless the plaintiff, who carries the ultimate burden of proving his action, is able to show some evidence with respect to each element of his claim, all other issues of facts become immaterial and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Bennett v. Parker*, 898 F.2d 1530 (11th Cir. 1990). As the Eleventh Circuit has explained:

> Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an

> essential element of the non-moving party's case necessarily renders all other facts immaterial." [Citation omitted]. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

898 F.2d at 1532.

**I. Plaintiff's sole allegation against Warden Forniss fails to state a cause of action upon which relief may be granted.**

Plaintiff's sole allegation against Warden Forniss is, "Plaintiff reported to defendant Leon Forniss the Warden he fail to investigate" (sic). There is no other allegation against Warden Forniss nor is any allegation made on how failure to investigate Nurse Shambray's alleged beating of Plaintiff constitutes a violation of Plaintiff's clearly established constitutional rights. Even if the Court assumes Jones' allegations to be true, which they are not, Plaintiff simply fails to state a cause of action against Warden Forniss.

The affidavit of Warden Forniss and the official documents furnished by the custodian of records, Annie Latimore, show there was an investigation of Nurse Shambray's alleged beating of Plaintiff. A statement was taken from each person the Plaintiff alleged witnessed the beating. Not one of the Plaintiff's alleged witnesses reported seeing Plaintiff being assaulted by Nurse Shambray.

**II. Plaintiff does not have a constitutional right to polygraph examinations.**

Plaintiff in his attachment "C" to his complaint seeks the Court to submit all witnesses to a polygraph test because this incident might affect his parole.

Simply put, "an inmate does not have a constitutional right to utilize or request that a witness in a disciplinary hearing be given a polygraph examination." *Hester v. McBride,* 966 F.Supp. 765, 773 (N.D. Ind., 1997) citing *Patterson v. Gilmore*, 974 F.2d 1340 (table), 1992 WL 206784, *2 (7th Cir.1992) (holding that inmate did not have constitutional right to polygraph examination); *Freitas v. Auger*, 837 F.2d 806, 812 n. 13 (8th Cir.1988) (finding that inmate was not entitled to polygraph examination in disciplinary hearing).

**III. Defendant Forniss is immune from suit.**

To the extent the Defendant is sued in his official capacity, he is immune from liability. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Amendment therefore not only bars suits against a state by citizens of another state, but it also bars suits against a state by that state's own citizenry. *See Edelman v. Jordan*, 415 U.S. at 663, 94 S. Ct. at 1347 and *Hans v. Louisiana*, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842 (1890). The Eleventh Amendment also prohibits suit against state officials and employees where the state is the real, substantial party in interest. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02, 104 S. Ct. 900, 908-09, 79 L.Ed.2d 67 (1984). "For example, if a lawsuit seeks to order the state officer to pay funds directly from the state treasury for the wrongful acts of the state, then the state is the real party in interest and the Eleventh Amendment bars the

suit." *Summit Medical Associates, P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999). This suit is in reality a suit against the State. Thus, the Defendant is absolutely immune from damages liability.

In addition, the Defendant is protected by qualified immunity. As stated by the Eleventh Circuit, "[q]ualified immunity protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Blakenship*, 163 F.3d 1284, 1288 (11th Cir. 1998), quoting *Lassiter v. Alabama A & M Univ. Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc). Because the alleged acts of the Defendant consists of discretionary functions, and because the actions do not violate any clearly established constitutional or statutory rights, the Defendant is protected by qualified immunity. *Wilson, supra* (holding that the marshal, wardens, and corrections officer were protected by qualified immunity); *see also Pinkney v. Davis*, 952 F. Supp. 1561 (M.D. Ala. 1997) (holding that wardens, deputy warden, and other prison officials were entitled to qualified immunity). The Eleventh Circuit has held that "[p]rison officials have 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" *Wilson,* 163 F.3d at 1295. Thus, a summary judgment should be entered in favor of the Defendant.

**VI. Defendant Forniss can not be held liable under the theory of respondeat superior.**

Plaintiff names Warden Forniss as a defendant, but makes sparase allegations against him. Presumably, Plaintiff's claim against Defendant Forniss is an attempt to hold him responsible through the concept of respondeat superior which is not available to a plaintiff under § 1983. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). Absent some allegation that Defendant Forniss knew of, sanctioned, participated in, or were otherwise "affirmatively linked" to the acts complained of, the complaint is insufficient to state a cause of action under 42 U.S.C. § 1983. *See Gilmere v. City of Atlanta, Ga.*, 774 F.2d 1495 (11th Cir. 1985) *cert. denied*. 476 U.S. 1115 (1986).

## CONCLUSION

There are no genuine issues of material fact, and the Defendants are entitled to judgment as a matter of law. WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the claims against them.

Respectfully submitted,

TROY KING
Attorney General

/s/ *Jeffery H. Long*
Jeffery H. Long
Assistant Attorney General

ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7555
(334) 242-2433 – fax
jlong@ago.state.al.us

**CERTIFICATE OF SERVICE**

I hereby certify that I have, this the 18th day of August, 2008, electronically filed the foregoing with the Clerk of Court using the CM/ECF filing system and I served a copy of the same upon the following parities via United States Mail, postage prepaid and properly addressed:

Boykin Jones, AIS 115033
Easterling Correctional Facility
200 Wallace Drive
Clio, AL 36017

/s/ *Jeffery H. Long*
Jeffery H. Long
Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BOYKIN JONES #115033 )
)
Plaintiff, )
)
V. ) CIVIL ACTION 2:08-CV-220-MHT
)
LEON FORNISS, WARDEN, et al., )
)
Defendants. )

**AFFIDAVIT**

**State of Alabama :**

**Elmore County :**

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared Leon Forniss, who being known to me and being by me first duly sworn, deposes and says on oath as follows:

My name is Leon Forniss. I am presently employed as a Correctional Warden III with the Alabama Department of Corrections at Staton Correctional Facility, P.O. Box 56, Elmore, Alabama 36025. I am over twenty-one years of age and have personal knowledge of the facts set forth below.

I have reviewed the complaint of Inmate Boykin Jones and this is my response to his complaint.

In this civil action, Inmate Boykin Jones, B/M #115033 alleges that on October 13, 2007, one of the Nurses at the Staton Health Care Unit assaulted him during Diabetics finger stick treatment at approximately 2:45 P.M. Inmate Jones is alleging that Nurse

Shambray assaulted Inmate Jones by kicking him on his leg and feet and hitting him on his back and neck.

Inmate Jones reported the incident to Correctional Lieutenant Terry Cooper at approximately 9:00 P.M. on the night of October 13, 2007. Correctional Lieutenant Cooper immediately began an investigation into the alleged incident. Further investigation on October 15, 2007, revealed there was no evidence to substantiate or support Inmate Jones allegations of an assault.

To my knowledge, the above-related facts are the entirety of my involvement with Inmate Jones concerning the allegations on which his complaint is based.

I deny that I have violated any well-established civil rights of Inmate Jones.

Leon Forniss

LEON FORNISS

SWORN TO and SUBSCRIBED before me this 22 day of July 2008.

Annie Latimore

NOTARY PUBLIC

12/06/2008

My Commission Expires:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **BOYKINS JONES, #114033** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **V.** | ) | **CIVIL ACTION 2:08-CV-220-MHT** |
| | ) | |
| | ) | |
| **LEON FORNISS,** | ) | |
| **Defendants,** | ) | |

**<u>AFFIDAVIT</u>**

**State of Alabama :**

**Elmore County :**

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared Annie Latimore, who being known to me and being by me first duly sworn, deposes and says on oath as follows:

My name is Annie Latimore. I hereby certify and affirm that I am the Alternate Custodian of Records at Staton Correctional Facility, P. O. Box 56, Elmore, Alabama 36025. I am over twenty-one years of age and am competent to testify to the matters stated herein.

The attached ***State of Alabama, Department of Corrections Institutional Incident Report*** number SCF-07-0951 consisting of ten pages, are true, and exact and correct photocopies of documents maintained here in the institutional files.

I further certify and affirm that said documents are maintained in the usual and ordinary course of business at Staton Correctional Facility and that said documents and entries therein were made reasonably near the time that such acts, events and transactions referred to therein are said to have occurred.

Annie Latimore
ANNIE LATIMORE

SWORN TO and SUBSCRIBED before me this 22 day of July 2008.

Michelle Reeves
NOTARY PUBLIC

11/09
My Commission Expires:

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

# INCIDENT REPORT

| 1. Institution | 2. Date | 3. Time | 4. Incident Number / Class Code |
|---|---|---|---|
| Staton Correctional Facility | 10-13-2007 | 8:56 P.M. | SCF07- 0951 C |

| 5. Location Where Incident Occurred | 6. Type of Incident |
|---|---|
| Staton Correctional Facility infirmary/B-Dorm cubicle | Alleged assault on an inmate |

| 7. Time Incident Reported | 8. Who Received Report |
|---|---|
| 9:05P.M. | Warden Leon Forniss |

9. Victims

| | Name | AIS |
|---|---|---|
| a. | Boykin Jones | No. B/115033 |
| b. | | No. |
| c. | | No. |

| 10. Suspects | Name | AIS | 11. Witnesses | Name | AIS |
|---|---|---|---|---|---|
| a. | NikitaShambray | No. LPN | a. | Roosevelt Lewis | No. COI |
| b. | | No. | b. | Marquita Sanders | No. LPN |
| c. | | No. | c. | Katrina Jones | No. LPN |
| d. | | No. | d. | Ontourous Porter | No. B/143912 |

PHYSICAL EVIDENCE:

12. Type of Evidence

N/A

13. Description of Evidence:

N/A

14. Chain of Evidence

a. N/A

15. Narrative Summary:

**On 10-13-2007, at approximately 8:56 P.M., Inmate Boykins Jones B/115093, entered Staton Correctional Facility B-Dormitory cubicle and informed Terry Cooper,Correctional Lieutenant, that he (Inmate Jones) had been physically assaulted by LPN Nikkita Shambray, while in Staton Correctional Facility infirmary. Lt. Cooper asked inmate Jones when did this alleged physical assault occur? Inmate Jones replied "at approximately 2:45 P.M., on 10-13-2007." Lt. Cooper asked inmate Jones why did he (Inmate Jones) wait until approximately 9:00 P.M., to report this alleged assault? Inmate Jones replied "because I was not hurting earlier." Lt. Cooper asked inmate Jones were their anyone else present, when this alleged physical assault occurred? Inmate Jones replied yes, Officer Roosevelt Lewis, LPN Katrina Jones, LPN Marquita Sanders and Inmate Ontourus Porter B/143912. At approximately 9:02 P.M., Lt. Cooper reported this alleged assault to Captain Larry Floyd the on-call official for Staton Correctional Facility, via telephone. At approximately 9:05 P.M., Lt. Cooper reported this alleged assault to Warden III, Leon Forniss, via telephone. At approximately 9:10 P.M., Lt. Cooper questioned Officer Lewis, in reference to Inmate Jones accusations, via telephone. Officer Lewis denied having any knowledge of inmate Jones accusations. Lt. Cooper advised Officer Lewis to write a statement to confirm or deny inmate Jones accusations. (See attached statement). At approximately 9:12 P.M., Lt. Cooper informed Nurses Jones, Shambray and Sanders of inmate Jones accusations via telephone, and advised Nurses Jones Shambray and Sanders to write statements to confirm or deny inmate Jones allegations (See attached statements). At approximately 9:20 P.M., Lt. Cooper instructed inmate Porter to write a statement in reference to his knowledge of this alleged incident (See attached statement). At approximately 9:45 P.M., Lt. Cooper escorted inmate Jones to the infirmary to be examined (See attached emergency medical report). At approximately 10:03 P.M., inmate Jones was placed into Staton Correctional Facility holding unit, cell-3A, pending further investigation into this incident. No further action taken at this time.**

Correctional Lieutenant, Terry Cooper

Distribution: ORIGINAL AND ONE (1) COPY to Central I & I Division
COPY to Institutional File
COPY to Deputy Commissioner of Operations (Class A and B ONLY)
COPY to Central Records Office

ADOC Form 302-A – June 1, 2005

PHS PRISON HEALTH SERVICES

# EMERGENCY

| ADMISSION DATE 10/13/07 | TIME 2100 AM/PM | ORIGINATING FACILITY Staton ☐ SIR ☐ PDL ☐ ESCAPEE ☐ | ☐ SICK CALL ☐ EMERGENCY ☑ OUTPATIENT |
|---|---|---|---|

ALLERGIES PCN

CONDITION ON ADMISSION ☐ GOOD ☐ FAIR ☐ POOR ☐ SHOCK ☐ HEMORRHAGE ☐ COMA

VITAL SIGNS: TEMP 98 ORAL RECTAL RESP. 18 PULSE 96 B/P 162/94 RECHECK IF SYSTOLIC <100> 50

NATURE OF INJURY OR ILLNESS

[illegible handwritten narrative]

PHYSICAL EXAMINATION

O- [illegible handwritten text]

A- [illegible] skin [illegible]

P- [illegible] HCU

| ABRASION /// | CONTUSION # | BURN xx | FRACTURE Z | LACERATION / ___ SUTURES |
|---|---|---|---|---|

PROFILE RIGHT OR LEFT

RIGHT OR LEFT

| ORDERS / MEDICATIONS / IV FLUIDS | TIME | BY |
|---|---|---|
| | | |

DIAGNOSIS [illegible handwritten]

INSTRUCTIONS TO PATIENT [illegible] HCU

| DISCHARGE DATE 10/13/07 | TIME AM/PM | RELEASE / TRANSFERRED TO | ☐ DOC ☐ AMBULANCE ☐ | CONDITION ON DISCHARGE ☑ SATISFACTORY ☐ FAIR ☐ POOR ☐ CRITICAL |
|---|---|---|---|---|
| NURSE'S SIGNATURE [signature] LPN | DATE 10/13/07 | PHYSICIAN'S SIGNATURE | DATE | CONSULTATION |

| INMATE NAME (LAST, FIRST, MIDDLE) | DOC# | DOB | R/S | FAC. |
|---|---|---|---|---|
| Bo Jones, Brooken | 115033 | 2-16-56 | | Staton |

PHS-MD-70007 (White – Record Copy, Yellow – Pharmacy Copy)

State of Alabama
Alabama Department of Corrections
Staton Correctional Facility
P.O. Box 56
Elmore, Alabama 36025
Phone: 334-567-2221- Fax: 334-514-3152

**BOB RILEY**
GOVERNOR

**LEON FORNISS**
WARDEN III

**RICHARD ALLEN**
COMMISSIONER

**BOBBY BARRETT**
WARDEN II

October 18, 2007

TO: Bobby Barrett, Warden II
Staton Correctional Facility

FROM: Edward Robinson, Captain EJR

REF: Investigation of Inmate Boykin Jones B/#115033
Alleged Assault

On October 15, 2007, Correctional Captain Edward Robinson conducted an investigation into the alleged assault of Inmate Boykin Jones B/#115033 by L.P.N. Nikkita Shambray.

Captain Robinson went to the Holding Unit to question inmate Jones. Inmate Jones stated to Captain Robinson that on the evening of October 13, 2007 he was called over to the Health Care Unit for diabetic finger sticks. While doing the finger stick inmate Jones dropped a strip on the floor that had blood on it. Nurse Sanders asked me to pick it up. I stated to Nurse Sanders, 'don't Mr. Harris sweep and I walked out in the hall.' Ms. Shambray told me to come back in the room and pick up the strip so I came back in room and Nurse Sanders told me you filed a grievance complaint on me; and I said 'yes because you refused me medicine'. Ms. Shambray stated you wrote my friend up and as I bent down to pick up the strip Nurse Shambray started kicking me on the side of my leg and hitting me with a close fist on the back of my neck and back real hard.

Captain Robinson asked inmate Jones 'why did he wait so late to report the incident to a Shift Supervisor'? Inmate Jones stated he wasn't hurting until much later and that is when he told Lieutenant Terry Cooper.

Captain Robinson further interviewed all the named individuals and asked that each persons that were present during the alleged assault give a written statement to the alleged allegations.. All named persons deny any assault on Inmate Boykin Jones ever occurred.
There was no evidence to substantiate or support inmate Jones allegations of an assault.

On October 17, 2007, Correctional Captain Edward Robinson along with Correction Lieutenant Eddie Browning went to the Holding Unit and questioned inmate Jones again. Inmate Jones at this time stated that, 'he wanted to drop the allegations because everyone thought he was telling lies on the Nurse.' See attached statements.


ER/al

Cc:    Warden Leon Forniss
       Captain George Edwards
       File



PRISON
HEALTH
SERVICES
INCORPORATED

## PROGRESS NOTES

| Date/Time | Inmate's Name: D.O.B.: / / |
|---|---|
| 10/13/07 10:15pm | On Saturday October 13th 2007 @ 230pm during blood sugar administration Inmate Boykin Jones dropped some test strips on the floor. Nurse Shambray instructed him to pick up the strips off the floor in which he stated "I am too old to pick them up those men who clean up come pick them up." He bent down and picked them up and placed them in the red container. |
| | M. Sanders LPN |

60111 (5/85) **Complete Both Sides Before Using Another Sheet**

1/19/2K

On Saturday evening during blood sugar administration inmate Boykin Jones dropped his test strip that had blood in it onto the floor. Nurse Shambray instructed inmate Jones to pick up the test strip off the floor. Inmate Jones stated "I'm too old to pick it up and those men who mop and sweep can do it." Nurse Shambray stated "No one is picking up your test strip because it has blood on it." Then inmate Jones went over picked up the test strip and discarded it.

Katrina N Jones, LPN

**DUTY POST LOG**

| DATE | PRINTED NAME AND RANK SIGNATURE | SHIFT (1, 2, 3, Adm, Etc.) | DUTY POST ASSIGNMENT |
|---|---|---|---|
| ENTRY TIME | | | |

On the 10-13-07 I was called over to health care for diabetic finger stick. while doing finger stick I drop a strip on the floor it had blood on it Nurse sander ask me to pick up the strip and I told her don't Mr. Harris sweep and I walk out in the hall, Ms. Shambra told me to come back in the room and pick the strip up so I came back when I came back in the room Nurse Sander told me you file a grievance complaint on me and I said yes because you refuse me medicine so Mrs. Shambra stated you wrote my friend up and as I went down to pick up the strip Nurse Shambray started kicking me on the side of my leg and hitting me with a close fists on the back of my neck and back real hard Officer Lewis shout at her Ms. Shambray told her to stop Ms. Jones and Ms. Sander and Officer Lewis and inmate O. Porter, Boykin Jones

DOC N054 Rev 6-20-89

(CONTINUED ON BACK)

At approximately 2 43 pm Statom inmates came over on fingersticks. Inmate Boyken James was next to the last inmate to do his fingerstick. While during his fingerstick he dropped his test strip which had blood on it. I then asked the inmate to pick his test strip up off the floor. He responded by saying that he was too old too bend down there and pick it up, and to let them men that sweep and mop to pick it up. he then begin to laugh. I told him that it was not funny and that he needs to pick up his own body fluids. He got down and one knee (moaning and groaning) and picked them up. He then stated that he did not appreciate that and joked about me in the halluay and left.

Nikketa R. Thomas Gray, LPN

He lied on me I Didn't see anyone Do Anything to him

Ontourus A. Porter

[signature]

10-13-07

9:42 A.

ON 10/13/2007 officer Roosevelt Lewis was assigned to G+A dorm. rover during the 2nd shift hours of 2 P.M - 10 P.M.

At no time during this tour of duty did I witness inmate Boykin Jones get hit by anyone during this tour of duty.

Roosevelt Lewis