IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BOYKIN JONES, AIS #115033, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL ACTION NO.: ) 2:08-cv-220-MHT |
| LEON FORNISS, WARDEN, et al., | ) ) |
| Defendant. | ) |

## ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Nikkita Shambray (designated in the Complaint as Nitka Shambrey) and in response to Plaintiff's Complaint sets forth and signs the following answer and defenses, separately and severally:

### ANSWER

Responsive to the allegations of fact contained in the Plaintiff's Complaint, the Defendant admits that the Plaintiff was an inmate incarcerated with the Alabama Department of Corrections located at the Staton Correctional Facility on October 13, 2007. Otherwise, the Defendant denies all other material allegations contained in the three-page, handwritten statement attached to the Plaintiff's Complaint. Accordingly, for purposes of pleading the general issues, except as otherwise indicated above, all material statements of fact are hereby denied by Defendant.

### AFFIRMATIVE DEFENSES

#### First Defense

The Defendant pleads the general issue.

### Second Defense

The Defendant denies all material allegations and demands strict proof thereof.

### Third Defense

The Defendant affirmatively pleads the applicable statute of limitations.

### Fourth Defense

The Defendant affirmatively pleads the doctrine of contributory negligence.

### Fifth Defense

The Defendant denies any Fourth or Fourteenth Amendment excessive force violations.

### Sixth Defense

The Defendant denies a Constitutional violation resulting from any denial of medical care and/or access to medical care.

### Seventh Defense

This Defendant denies a Fourteenth Amendment due process violation.

### Eighth Defense

The Defendant denies a Fourteenth Amendment equal protection violation.

### Ninth Defense

The Defendant denies any state law claims of assault and battery.

### Tenth Defense

The Defendant specifically denies that she engaged in any wrongful conduct which was willful, malicious, in bad faith, and/or beyond her authority.

{B0897110}

### Eleventh Defense

The Defendant denies the claims of civil rights violations, if any, under 42 U.S.C. § 1983.

### Twelfth Defense

The Defendant pleads the defense of qualified immunity and avers that the actions taken by the Defendant were reasonable and in good faith with reference to clearly established law at the time of the incident complained of by Plaintiff.

### Thirteenth Defense

The Defendant is entitled to qualified immunity and it is clear from the face of the complaint that the Plaintiff has not alleged specific facts indicating that the Defendant has violated any clear established Constitutional rights.

### Fourteenth Defense

The Defendant cannot be held liable on the basis of respondent superior, agency, or vicarious liability theories.

### Fifteenth Defense

The allegations contained in the Plaintiff's Complaint against the Defendant employee and/or independent contractor sued in her individual capacity, fails to comply with the heightened specificity required of Rule 8 in a § 1983 case against persons sued in their individual capacities. *See Oladeine v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *Arnold v. Board of Educ. of Escambia County*, 880 F.2d 3 (find quotes).

**Sixteenth Defense**

The Defendant pleads the defense that at all times in treating the Plaintiff, the Defendant exercised the same degree of care, skill, and diligence as other nurses and nursing staff would have exercised under similar circumstances and that at no time did the Defendant act toward the Plaintiff with deliberate indifference to a serious medical need.

**Seventeenth Defense**

The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act Amended, 42 U.S.C. § 1997(e)(a). Plaintiff has failed to pursue the administrative remedies available to him. *See Cruz v. Jordan*, 80 F. Supp. 2d 109 (S.D.N.Y. 1999) (claims concerning defendant's deliberate indifference to a medical need is an action (with respect to prison conditions) and is thus driven by exhaustion requirement).

**Eighteenth Defense**

The Defendant asserts that the Plaintiff's complaint is frivolous and filed in bad faith solely for the purpose of harassment, intimidation, and requests this Court, pursuant to 42 U.S.C. § 1988 to afford Defendant reasonable attorneys' fees and costs incurred in the defense of this action.

**Nineteenth Defense**

The Plaintiff's demand for punitive damages violates the United States Constitution in that the Plaintiff's claim is a claim that is penal in nature, entitling Defendant to the same procedural safeguards accorded to a criminal defendant.

{B0897110}

### Twentieth Defense

An award of punitive damages in this case against Defendant would be unconstitutional for the punitive damages award is not governed by any specific standards, is not based on rational distinctions, does not serve any legitimate state interest and thereby violates the due process and equal protection provisions of both the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6 and 22 of the Constitution of Alabama.

### Twenty-First Defense

The Plaintiff's demand for punitive damages violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution in that the claim for punitive damages is vague and not rationally related to any legitimate government interests.

### Twenty-Second Defense

The Plaintiff's demand for punitive damages violates the Sixth Amendment of the United States Constitution in that the Plaintiff's claim for punitive damages is a claim that is penal in nature, entitling Defendant to the same procedural safeguards accorded to a criminal defendant under the Sixth Amendment.

### Twenty-Third Defense

The Plaintiff's demand for punitive damages violates the self-incrimination clause of the Fifth Amendment of the United States Constitution in that the damages claimed are penal in nature while Defendant is required to disclose documents and/or other evidence without the safeguard against self-incrimination set out in the Fifth Amendment.

### Twenty-Fourth Defense

The Plaintiff's demand for punitive damages violates the Fifth Amendment of the United States Constitution which prohibits deprivation of life, liberty or property except by due process of law in that the claim for punitive damages is vague and not rationally related to any legitimate government interests.

### Twenty-Fifth Defense

The Plaintiff's demand for punitive damages violates the rights guaranteed by the United States Constitution in that the claim for punitive damages is penal in nature for which the burden of proof on the Plaintiff is less than the "beyond a reasonable doubt" standard required in criminal cases.

### Twenty-Sixth Defense

The Plaintiff's demand for punitive damages is unconstitutional under the Constitution of the State of Alabama which provides in Article I, Section 6, that no person shall be deprived of life, liberty or property except by due process of law, in that the punitive damages claimed are vague and not rationally related to any legitimate government interests.

### Twenty-Seventh Defense

The Plaintiff's demand for punitive damages is unconstitutional under the Constitution of the State of Alabama, Section 6, that no person shall be deprived of life, liberty or property except by due process of law, in that the punitive damages claimed are penal in nature, requiring a burden of proof on the Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in a criminal case.

{B0897110}

### Twenty-Eighth Defense

Punitive damage awards in Alabama are not governed by any specific standards, are not based on rational distinctions, and do not serve any legitimate state interest. Consequently, such awards violate the due process and equal protection provisions of both the Fourteenth Amendment of the United States Constitution and Article I, Sections 1, 6 and 22 of the Constitution of the State of Alabama.

### Twenty-Ninth Defense

The amount of an award of punitive damages could violate the excessive fines provisions of the Eighth Amendment of the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama.

### Thirtieth Defense

A punitive damage award is penal in nature yet the defendant in civil actions is not awarded the same procedural safeguards accorded to a criminal defendant under the Fourteenth, Fifteenth and Sixteenth Amendments to the United States Constitution, including, without limitation, requiring proof beyond a reasonable doubt and imposing civil penal fines in excess of those fines that could be imposed under criminal law.

### Thirty-First Defense

The imposition of punitive damages against Defendant is violative of Defendant's rights under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States for the statute under which punitive damages are assessed, as interpreted by the Supreme Court of Alabama, permits and requires the imposition of

punitive damages upon Defendant in an amount based, at least in part, upon the conduct of a co-defendant.

### Thirty-Second Defense

While Defendant denies that the Plaintiff is entitled to any relief, Defendant hereby asserts the provisions of §6-11-21 of the 1975 Code of Alabama (as amended, 1999) and gives notice that any recovery against Defendant can only be had in accordance with and subject to the provisions of §6-11-21 of the 1975 Code of Alabama (as amended, 1999).

### Thirty-Third Defense

Plaintiff's claim for punitive damages cannot be upheld based on all grounds that the United States Supreme Court in *BMW v. Gore*, 116 S.Ct. 1589 (1996), determined that the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages violate a defendant's rights provided by the United States Constitution.

### Thirty-Fourth Defense

Plaintiff's claim for punitive damages cannot be upheld under *BMW v. Gore*, 116 S.Ct. 1589 (1996) to the extent it seeks to punish, influence or change this Defendant's policies or practices nationwide rather than this Defendant's policies or practices which occurred in this state.

### Thirty-Fifth Defense

The Alabama Statute authorizing punitive damages, Alabama Code § 6-11-20 (1993), is constitutionally vague as written, construed, and applied.

### Thirty-Sixth Defense

The claims of the Plaintiff for punitive damages cannot be upheld to the extent it violates or contravenes the ratio of punitive damages allowed by the holding of the United States Supreme Court in ruling on the case of *State Farm Mut. Auto. Ins. Co. v. Campbell*, ___ U.S. ____, 123 S. Ct. 1513, 155 L.Ed. 2d 585 (2003).

### Thirty-Seventh Defense

Plaintiff's demand for punitive damages in this case is unconstitutional in that it seeks to punish Defendant for, and deter Defendant from, lawful conduct occurring outside the state of Alabama and hence violates fundamental and long-standing principles of state sovereignty and immunity. *State Farm Mut. Auto. Ins. Co. v. Campbell*, ___ U.S. ____, 123 S. Ct. 1513, 155 L.Ed. 2d 585 (2003).

### Thirty-Eighth Defense

Plaintiff's claim for punitive damages cannot be upheld based on the opinion of the United States Supreme Court in *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), in which the Court determined that the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages violate a defendant's rights provided by the United States Constitution. *See also, Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S.Ct. 1678, 149 L.Ed.2d 674 (2001).

### Thirty-Ninth Defense

Plaintiff's claim for punitive damages cannot be upheld to the extent it violates or contravenes the holding of the United States Supreme Court in ruling on the case of

9

{B0897110}

*BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996) and *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S.Ct. 1678, 149 L.Ed.2d 674 (2001).

### **Fortieth Defense**

Any award of punitive damages in this case is subject to those limitations established by the Alabama Legislature and set forth in § 6-11-21 of the 1975 Code of Alabama (as amended, 1999).

          Respectfully submitted,

          s/Philip G. Piggott
          PHILIP G. PIGGOTT
          ASB-4379-P67P
          E-Mail: pgp@starneslaw.com

          WILLIAM ANTHONY DAVIS, III
          ASB-5657-D65W
          E-Mail: tdavis@starneslaw.com

          Starnes & Atchison LLP
          100 Brookwood Place, 7th Floor
          P.O. Box 598512
          Birmingham, AL  35259-8512
          Telephone: (205) 868-6000
          Fax: (205) 868-6099

          Attorneys for Nikkita Shambray

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and I hereby certified that I have mailed by U. S. Postal Service the document to the following non-CM/ECF participants:

Boykin Jones #115033
Easterling Correctional Facility
200 Wallace Drive
Clio, AL  36017-2615

s/Philip G. Piggott
PHILIP G. PIGGOTT
E-mail: ppiggott@starneslaw.com
