## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **BOYKIN JONES, AIS #115033,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO.:** |
| | ) | **2:08-cv-220-MHT** |
| **LEON FORNISS, WARDEN, et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## SPECIAL REPORT

Comes now the Defendant, designated in the Plaintiff's Complaint as Nitka Shambary (properly stated as Nurse Nikkita Shambray) (hereinafter "Shambray"), by and through counsel, and in response to the Plaintiff's Complaint, filed on March 26, 2008, and pursuant to this Court's Order dated August 25, 2008 (Doc. #18), presents the following Special Report with regard to this matter:

## I.    INTRODUCTION

The Plaintiff, Boykin Jones (AIS #115033)(hereinafter "Jones and/or Plaintiff"), is an inmate currently incarcerated with the Alabama Department of Corrections at the Easterling Correctional Facility located in Clio, Alabama.   Jones filed his original Complaint against Leon Forniss, the Warden of the State Correctional Facility in Elmore, Alabama, inmate Ontourus Porter (AIS # 143912) and Nurse Shambray.  By Court Order dated August 13, 2008, the claims against defendant Ontourus Frondesse Porter was dismissed without prejudice.  An Answer and Special Report were filed on behalf of the Defendant, Warden Leon Forniss, on August 18, 2008.    (Doc. #15).

Jones' **only** claim is alleged to have occurred October 13, 2007. (Doc. #1). Jones' only claims are for pain and suffering and mental anguish. There are no claims made in the Complaint with regard to any medical care and/or treatment given by Nurse Shambray to Jones during his incarceration at the Staten Correctional Facility. Id.

Jones, in his Complaint, states that on October 13, 2007, he, along with other inmates, was called to the Health Care Unit for a diabetic finger stick. After having his finger stuck for the diabetic procedure and receiving his dosage of insulin, Jones states in his Complaint that he dropped the strip on the floor that had some of his blood on it. He was thereafter, according to the Complaint, told by Nurse Sanders to pick the strip up off of the floor. The Complaint states that when he came back into the room, he was confronted by Nurse Shambray, who allegedly accused him of filing a grievance against an associate of hers. According to the Complaint, when Jones bent down on one knee to pick up the strip, Nurse Shambray started kicking him on the side of the leg and hitting him on his upper back. According to the Complaint, Jones reported the incident to Lt. Cooper with the Alabama Department of Corrections. Id.

The Complaint accuses the Alabama Department of Corrections with not properly and thoroughly investigating the incident. The Complaint states that Jones is up for parole in 2009 and that if he is written up by the Alabama Department of Corrections for making misstatements during an investigation, that would alter his chances of making parole. Id.

## II.  <u>NARRATIVE SUMMARY OF FACTS</u>

Jones' Complaint seeks damages for pain and suffering and mental anguish. (Doc. #1).  Plaintiff's only claims pertain to a single incident that allegedly occurred on or about October 13, 2007.  <u>Id.</u>  At the time in question, October 2007, the Plaintiff was incarcerated at the Staten Correctional Facility in Elmore County, Alabama.  Plaintiff is currently incarcerated at the Easterling Correctional Facility located in Clio, Alabama.

Nikkita Shambray is a Licensed Practical Nurse (LPN), who has been practicing nursing in Alabama since January 2007.  (Affidavit of Nikkita Shambray attached hereto as Exhibit A).  Shambray is currently employed with Correctional Medical Services, Inc. as a nurse at the Staten Correctional Facility.  <u>Id.</u>

As a nurse at the Staton Correctional Facility, Shambray is aware of and is familiar with the inmate, Boykin Jones.  <u>Id.</u>  On October 13, 2007, at approximately 2:43 p.m., the inmates at the Staton Correctional Facility were called to the Health Care Unit (HCU) for diabetic finger sticks.  One of the inmates was Mr. Boykin Jones.  <u>Id.</u>  Jones was the next to last inmate to perform the finger stick.   While performing the finger stick, Mr. Jones dropped his test strip which had his blood upon it.  Shambray requested Mr. Jones to pick the test strip up off of the floor and he refused stating that he was too old to bend down and pick up the test strip.  <u>Id.</u>  Mr. Jones informed Shambray that there were cleaners that swept and mopped and it was their job to pick up the finger sticks.  He then began to laugh.  Shambray informed Jones that the situation was not funny and that he needed to pick up the finger stick with his own body fluids upon it.   Jones then got down on one knee "moaning and groaning" and picked up the finger stick.  <u>Id.</u>  He then

informed Shambray that he did not appreciate the fact that Shambray had made him pick up the finger stick and on his way out joked about her in the hallway.   Jones then left without any incident whatsoever. Id.

There were other people in the medical unit that experienced the situation at all times including Nurse Sanders, Nurse Jones and Office Roosevelt Lewis of the Alabama Department of Corrections. Id.

An investigation was made by the Alabama Department of Corrections and statements were obtained from the individuals who were present at the time of the alleged incident in question. Id. No action was taken after the incident was investigated by the Alabama Department of Corrections. Id.

On October 13, 2007, at 8:56 p.m., six hours after the alleged incident, Jones informed Lt. Terry Cooper, with the Alabama Department of Corrections, that he had been assaulted at 2:45 p.m. by Nurse Shambray while at the HCU at Staton.  (Incident Report attached to Answer and Special Report of Leon Forniss, Doc.# 15).  Jones said that he had delayed reporting the alleged assault until he had started hurting. Id.  Jones informed Lt. Cooper that Officer Roosevelt Lewis, Nurses Katrina Jones, and Marquita Sanders, and Inmate Ontourus Porter had allegedly witnessed the assauLt. Id.

Lt. Cooper requested and received statements from each of the alleged witnesses. (Statements taken by Lt. Cooper attached to the Special Report and Answer filed on behalf of Leon Forniss, Doc. #15).  Each witness was asked by Lt. Cooper to admit or deny that the assault happened.  Id.  Nurses Jones, Shambray and Sanders wrote that Inmate Jones dropped the diabetic test strip that had blood on it on the floor and was

required by Nurse Shambray to pick it up. Id. Inmate Porter stated that Inmate Jones lied about him and that he (Porter) did not see anyone doing anything to Inmate Jones. *Id.*. Officer Lewis stated that he did not see Inmate Jones get hit by anyone on October 13, 2007, while on duty from 2:00 p.m. to 10:00 p.m. Id.

## III.    LEGAL ARGUMENT

The only allegation in the Plaintiff's Complaint is that on October 13, 2007, he was allegedly assaulted by Nurse Nikkita Shambray, an LPN and an employee of Correctional Medical Services, Inc., working at the Staton Correctional Facility located in Elmore County, Alabama. The incident allegedly occurred at approximately 2:45 p.m. However, the inmate/Jones, did not report the alleged incident until approximately 8:56 p.m., six hours after the incident allegedly occurred. At 8:56 p.m., Jones reported to Lt. Cooper that the alleged incident had been witnessed by four other individuals, Officer Roosevelt Lewis, LPN Kittrina Jones, LPN Marquita Sanders, and Inmate Ontourus Porter. However, the investigation performed on behalf of the Alabama Department of Corrections revealed that none of the individuals listed above witnessed any such incident.  The incident report and statements taken by the Alabama Department of Corrections pursuant to an investigation of the subject incident are attached to the Special Report and Answer filed on behalf of Leon Forniss (Doc. #15). Therefore, the only facts supporting the Plaintiff's claim are set forth in the handwritten letter attached to Jones' Complaint. (Doc. #1).

The Eleventh Circuit has held that where a prisoner's self-serving testimony is inconsistent with the objective evidence, such uncorroborated testimony is insufficient to

withstand summary judgment. *See Johnson v. Moody*, 206 Fed. Appx. 880, 885 (11th Cir. 2006)(per curiam); *Redd v. Conway*, 160 Fed. Appx. 858, 861 (11th Cir. 2005)(per curiam); *Anderson v. Jones*, 1999 WL 156203 (S.D. Ala. 1999), aff'd without opinion, 245 F.3d 795 (11th Cir. 2000). Furthermore, the Second and Ninth Circuits have explicitly held that a prisoner or arrestee's uncorroborated self-serving testimony is insufficient to create a genuine issue of material fact. *Jeffreys v. City of New York*, 426 F.3d 549, 555 (2nd Cir. 2005)(where arrestee's claims of excessive force were inconsistent with his statements to medical providers, the court held that "[arrestee's] testimony – which was largely unsubstantiated by any other direct evidence – was "so replete with inconsistencies and improbabilities" that no reasonable juror would undertake a suspicion of disbelief necessary to credit the allegations made in the complaint"); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) ("this Court has refused to find a "genuine issue" where the only evidence presented is "uncorroborated and self-serving" testimony"); *Wilkins v. Ramirez*, 455 F. Supp. 2d 1080, 1092 (S.D. Cal. 2006)("plaintiff attempts to create a genuine issue of material fact by claiming that [the officer] beat him for no reason. However, plaintiff's argument fails because his allegation that he was beat for no reason is not corroborated by any other testimony or other persuasive evidence."); *see also Brooks v. American Broadcasting Companies, Inc.*, 999 F.2d 167, 172 (6th Cir. 1993), *cert. denied*, 510 U.S. 1045, 114 S.Ct. 609, 126 L.Ed.2d 574 (1993)("a district court is not required to accept unsupported, self-serving testimony as evidence sufficient to create a jury question.") Eleventh Circuit precedent has accepted this principal in other contexts. *Comfort Trane Air Co. v. Trane*

*Co.*, 592 F.2d 1373, 1383 (5th Cir. 1979)("unsupported, self-serving testimony is not substantial evidence sufficient to create a jury question"); *Yoder Bros., Inc. v. California-Florida Plant Corp.*, 537 F.2d 1347, 1371 (5th Cir. 1976)("isolated self-serving statements of litigants were not enough to constitute substantial evidence" for purposes of creating a genuine issue of material fact").

In the present case, Jones did not report the alleged incident until 8:56 p.m. on the date in question, some six hours after the alleged incident occurred. Jones gave the investigating officer, Lt. Cooper, with the Alabama Department of Corrections, the names of the alleged witnesses to the incident. However, after a thorough investigation performed by the Alabama Department of Corrections, it was determined that not one of the witnesses, even a fellow inmate, could substantiate the claims made by Jones. Therefore, no action whatsoever was taken by the Alabama Department of Corrections. (Doc. #15).

At 11:00 p.m. on October 15, 2007, Jones was seen at the Health Care Unit at Staton. (A copy of the emergency room medical records are attached to the Answer and Special Report filed on behalf of Warden Leon Forniss [Doc. #15]). Mr. Jones was examined and released and found to be in satisfactory condition. Id.

Plaintiff's uncorroborated account of his interaction with Nikkita Shambray, especially in light of the contradictory objective medical evidence and investigation performed on behalf of the Alabama Department of Corrections, cannot constitute substantial evidence sufficient to create a genuine issue of material fact. Accordingly, the Plaintiff's Complaint is due to be dismissed.

Respectfully submitted,

s/Philip G. Piggott
PHILIP G. PIGGOTT
ASB-4379-P67P
E-Mail: pgp@starneslaw.com

WILLIAM ANTHONY DAVIS, III
ASB-5657-D65W
E-Mail: tdavis@starneslaw.com

Starnes & Atchison LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, AL 35259-8512
Telephone: (205) 868-6000
Fax: (205) 868-6099

Attorneys for Nikkita Shambray

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and I hereby certified that I have mailed by U. S. Postal Service the document to the following non-CM/ECF participants:

Boykin Jones #115033
Easterling Correctional Facility
200 Wallace Drive
Clio, AL 36017-2615

s/Philip G. Piggott
PHILIP G. PIGGOTT
E-mail: ppiggott@starneslaw.com

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BOYKIN JONES, AIS #115033,      )

      Plaintiff,              )
                               )

vs.                        )    CIVIL ACTION NO.:
                               )    2:08-cv-220-MHT

LEON FORNISS, WARDEN, et al.,   )

      Defendants.          )

## AFFIDAVIT OF NIKKITA SHAMBRAY

STATE OF ALABAMA   )

ELMORE COUNTY      )

    Before me, the undersigned authority, in and for said county and state, personally appeared Nikkita Shambray, who, after being duly sworn by me under oath, deposes and states as follows:

    1.    My name is Nikkita Shambray. I am a Licensed Practical Nurse (LPN) licensed to practice in the State of Alabama. I am over the age of nineteen (19) years and have personal knowledge of all matters stated herein.

    2.    I have been a LPN since January 2007, and I have been practicing nursing in Alabama since that time.

    3.    After obtaining my LPN certification, I began working for Prison Health Services, Inc. ("PHS") at the Staton Correctional Facility located in Elmore, Alabama. Correctional Medical Services, Inc. ("CMS") obtained the contract with the Alabama Department of Correction to provide medical services to inmates within the Alabama

{B0893755}

Department of Corrections System beginning on November 1, 2007. On November 1, 2007, I became an employee of CMS. I have worked continuously from November 1, 2007 through the present time at the Staton Correctional Facility in Elmore, Alabama.

4.    On October 13, 2007, at approximately 2:43 p.m., the inmates at the Staton Correctional Facility were called to the Healthcare Unit for diabetic finger sticks. One of the inmates was Mr. Boykin Jones. Mr. Jones was the next to last inmate to perform the finger stick. While performing the finger stick, Mr. Jones dropped his test strip which had his blood upon it. I requested Mr. Jones to pick the test strip up off of the floor and he refused stating that he was too old to bend down and pick up the test strip. Mr. Jones informed me that there were cleaners that swept and mopped and it was their job to pick up the finger sticks. He then began to laugh. I informed Mr. Jones that the situation was not funny and that he needed to pick up the finger stick with his own body fluids upon it. Mr. Jones then got down on one knee "moaning and groaning" and picked up the finger stick. He then informed me that he did not appreciate the fact that I had made him pick up the finger stick and on his way out joked about me in the hallway. Mr. Jones then left without any incident whatsoever.

5.    There were other people in the medical unit that experienced the situation at all times including Nurse Sanders, Nurse Jones and Office Roosevelt Lewis of the Alabama Department of Corrections.

6.    An investigation was made by the Alabama Department of Corrections and who obtained statements from the individuals who were present at the time of the alleged

2

{B0893755}

incident in question.   No action was taken after the incident was investigated by the Alabama Department of Corrections.


FURTHER AFFIANT SAITH NOT.


Dated this the 25ᵗʰ day of August, 2008.

_Nikkita Shambray_
Nikkita Shambray

STATE OF ALABAMA            )
ELMORE COUNTY               )

I _Barry C Smith_ in and for said county and state, hereby certify that Nikkita Shambray, whose name is signed to the foregoing and who is known to me, acknowledged before me this day, that being informed of the contents thereof, voluntarily executed the same on the day of its date.

Given under my hand the seal of this 25ᵗʰ day of August, 2008, 2008.

_Barry C Smith_
NOTARY PUBLIC

My Commission Expires: _Nov 8, 2008_

3

{B0893755}