IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

BOYKIN JONES, #115 033            *

    Plaintiff,                  *

v.                                *       2:08-CV-220-MHT
                                          (WO)
LEON FORNISS, WARDEN, *et al*.,   *

    Defendants.                 *

_____

**ORDER ON MOTION**

Pending before the court is Defendant Shambray's motion for reconsideration of the undersigned's Recommendation that her motion for summary judgment on Plaintiff's excessive force claim be denied to the extent she is sued in her individual capacity. In support of her motion, Defendant Shambray argues that the legal authority relied on by the court to deny her dispositive motion is applicable only to prison officials, jailers and state actors but not to "private individuals who had no official duties such as Nurse Shambray." Doc. No. 41 at 3. Defendant Shambray maintains that, as an employee of the medical provider who contracted to provide medical services to inmates in the custody of the Alabama Department of Corrections at the time the incident at issue occurred,[1] she "is not a correctional officer,

---

[1] At the time the incident about which Plaintiff complains occurred (October 13, 2007), Prison Health Services, Inc., held the contract to provide medical services to inmates in the custody of the Alabama Department of Corrections. Correctional Medical Services, Inc., is the entity that currently holds the contract with the Alabama Department of Corrections ["ADOC"] to provide medical care and services to inmates in ADOC custody, and it has held the contract since November 1, 2007. (*See* Doc. No. 35.)

and is not a state actor in any capacity." *Id.* at pg. 2. Accordingly, as a private citizen employed as a nurse by the corporation holding the contract to provide medical care and services to inmates in the custody of the ADOC, Nurse Shambray states that she was not a correctional officer, she had no official duties, and therefore, no excessive force claim can be maintained against her. *Id.* at 4-5 ("Excessive force claims are solely against persons acting in official capacities such as prison officials and police officers.")

An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by a person acting under color of state law or a person whose conduct is fairly attributable to the State. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). The law is well-settled that private medical corporations and private medical personnel who contract with the state to provide medical care for inmates act under color of state law for purposes of § 1983. *See West v. Atkins*, 487 U.S. 42, 54 (1988); *Farrow v. West*, 320 F.3d 1235, 1239 n.3 (11th Cir. 2003); *Carswell v. Bay County*, 854 F.2d 454, 456-57 (11th Cir. 1988); *Ort v. Pinchback*, 786 F.2d 1105, 1107 (11th Cir. 1986). "Medical personnel working at government facilities need not be state employees for their conduct to constitute state action. [*Ort,* 786 F.2d at 1107]. And when private persons contract to perform 'a function which is traditionally the exclusive prerogative of the state,' such as providing for the health and welfare of the citizenry, they act under color of state law. *Carswell v. Bay County*, 854 F.2d 454 (11th Cir. 1988); *Ancata v. Prison Health Services*, Inc., 769 F.2d 700 (11th Cir. 1985); *Morrison v. Washington*

*County, Alabama*, 700 F.2d [678,] 683 [(11th Cir. 1983)]." *Baxter v. Fulton-DeKalb Hosp. Authority*, 764 F. Supp. 1510, 1517 (N.D. Ga. 1991).

At the time the actions about which Plaintiff complains occurred, Nurse Shambray could properly be considered a "state actor" under § 1983 as an employee of the medical provider under contract to provide health care to inmates in the ADOC. *Anacata,* 769 F.2d at 703 ("[w]here a function which is traditionally the exclusive prerogative of the state . . . is performed by a private entity, state action is present."). Because Nurse Shambray is a state actor, her conduct may be fairly attributed to the state. Thus, her contention that she is a private actor with no official duties – and, therefore, shielded from Eighth Amendment liability under § 1983, for a claim of excessive force – is without merit. The motion for reconsideration will, therefore, be denied. *See generally Henderson v. Belfueil*, 197 Fed.Appx. 470, 473-474, (7th Cir. 2006) ("If the [medical] purpose was just but the means employed were gratuitously cruel, then the nurse would have committed an Eighth Amendment violation.").

Accordingly, it is

ORDERED that the motion for reconsideration (*Doc. No. 41*) be and is hereby DENIED.

DONE, this 25th day of January, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE